

**Esere J. Onaodowan, Esq.**
eonaodowan@gmail.com   t 646.375.2119   c 718.427.3139

**Christine Delince, Esq.**
cdelince@eocdlaw.com   t 646.375.2117   c 917.238.9332

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2021
```

October 22, 2021

**VIA ECF**



Hon. Valerie E. Caproni
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>United States v. Anthony Wroten 21 Cr. 603 (VEC)</u> – Financial assistance with travel expenses for court appearance

Dear Judge Caproni:

      On October 25, 2021, I will be appointed pursuant to the Criminal Justice Act § 3006A to represent Anthony Wroten, who is indigent. Mr. Wroten lives out of state in Seattle, Washington, and I write to request financial assistance with travel expenses for his upcoming court appearance. Specifically, I ask that the Court, pursuant to 18 USC §4285, order the United States Marshals Service to furnish the cost of Mr. Wroten's round-trip airfare between Seattle Washington, and Queens, New York in advance of his upcoming court appearance, scheduled for October 28, 2021, at 4:00pm. This request implicates Mr. Wroten's Due Process rights guaranteed to him by the Fourteenth Amendment and is necessary to ensure his continuing presence at all stages of this proceeding.

      A defendant has a due process right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend himself against the charge." See, <u>Snyder v. Massachusetts</u>, 291 U.S. 97, 105-06 (1934); See also, <u>United States v. Gagnon</u>, 470 U.S. 522, 526 (1985). Against this Constitutional and statutory backdrop, courts have recognized the fundamental unfairness in forcing an out of custody defendant to essentially "go broke" by having to pay for subsistence and shelter just to be present at an out of state trial for an extended period of time.  See, e.g., <u>United States v. Mendoza</u>, 734 F.Supp.2d 281 (E.D.N.Y. 2010); <u>United States v. Badalamenti</u>, No. 84-cr-236, 1986 WL 8309 (S.D.N.Y. Jul. 22, 1986). In <u>Mendoza</u>, the district court ordered defendants' lodging and subsistence to be covered using CJA funds and ordered the U.S. Marshals to be responsible for arranging such food and shelter. <u>Mendoza</u>, 734 F.Supp.2d at 287. The court in <u>Badalamenti</u> ordered the government to either provide decent, non-custodial lodging or to cover the cost of it for out-of-town defendants as a matter of due process. 1986 WL 8309 at *2. There, the defendants were from southern Illinois and were forced to travel to New York to attend a yearlong trial. Id. at *1. Relying on Federal Rule of Criminal Procedure 43 and the Due Process Clause, the court reasoned "it is not consistent with fundamental fairness or due process that an accused defendant, regardless of the



**Esere J. Onaodowan, Esq.**
eonaodowan@gmail.com   t 646.375.2119   c 718.427.3139

**Christine Delince, Esq.**
cdelince@eocdlaw.com   t 646.375.2117   c 917.238.9332

crime, be driven to ruin by the expense of attending trial at a place far from his home, nor that he be required to take refuge in jail because of an inability to meet the expense of attending trial." Id. at *2. Here, this Court should similarly order the government to cover Mr. Wroten's travel expenses since these expenditures constitute "other services necessary for adequate representation," and are therefore covered by the Criminal Justice Act. These expenditures are necessary as Mr. Wroten lives in Seattle, Washington and cannot afford the cost of airfare to travel to New York at this time.

     Further, it is important to note that if Mr. Wroten were in custody, the government would be responsible for paying all the expenses involved with ensuring is presence in court. Indeed, the costs of incarceration, as provided by The Federal Register, April 30, 2018, provides as follows: "This Notice publishes the annual determination of average cost of incarceration for the Fiscal Years (FY) 2016 and 2017. The fee to cover the average cost of incarceration for Federal inmates was $34,704.12 ($94.82 per day) in FY 2016 and $36,299.25 ($99.45 per day) in FY 2017. The average annual cost to confine an inmate in a Residential Re-entry Center was $29,166.54 ($79.69 per day) for FY 2016 and $32,309.80 ($88.52 per day) for FY 201783 FR 18863. Mr. Wroten should not be penalized financially just because he is out of custody, and the figures that support incarceration should be used to calculate a reasonable defrayment of costs while on pretrial release.

     Accordingly, the defendant respectfully requests that the Court, pursuant to 18 USC §4285, order the United States Marshals Service to furnish the cost of Mr. Wroten's round-trip airfare between Seattle, Washington and Queens, New York.[1]

     On an unrelated noted, counsel and the government are currently trying to come to an agreement about the return of Mr. Wroten's passport. Mr. Wroten, who has not worked since April of 2021, has been given a written offer to play basketball overseas in China. We hope to come to an agreement with the government over the return of the passport. However, should counsel and the government not reach an agreement, counsel requests a hearing on the issue on October 28, 2021.

Respectfully Submitted,

Christine Delince, Esq.

cc: AUSA Finkel
    AUSA Greenberg

---

[1] Should the Court grant this application, a proposed order is attached as Exhibit A.

The Court will enter a separate order granting counsel's request that the USMS cover Mr. Wroten's travel to the upcoming conference.

With respect to Mr. Wroten's passport, if the parties are unable to come to a resolution on their own, by no later than **Wednesday, October 27, 2021 at 12:00 P.M.,** the parties must file a joint letter laying out their respective positions on the issue.

SO ORDERED.

Date: October 22, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE